FREEDMAN+TAITELMAN, LLP
Michael A. Taitelman, Esq. (SBN 156254)
mtaitelman@ftllp.com
Sean M. Hardy, Esq. (SBN 266446)
smhardy@ftllp.com
1801 Century Park West, Fifth Floor
Los Angeles, California 90067
Tel: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Plaintiff O'SHEA JACKSON, SR. (p/k/a "ICE CUBE")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'SHEA JACKSON, SR. (p/k/a "ICE CUBE"), an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., a Delaware corporation; ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,<br><br>                    Defendants. | Civ. No.<br><br>**COMPLAINT FOR:**<br><br>**(1) Violation of Lanham Act (15 U.S.C. § 1125(a));**<br><br>**(2)  Violation of California Civil Code § 3344(a);**<br><br>**(3)  Misappropriation of Likeness Under California Common Law;**<br><br>**(4) Unfair Competition under California Business and Professions Code §§ 17200**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff, O'SHEA JACKSON, SR., professionally known as ICE CUBE ("Ice Cube" or "Plaintiff"), by and through his undersigned counsel, brings this Complaint against Defendants, ROBINHOOD MARKETS, INC. ("Robinhood") and ROBINHOOD FINANCIAL LLC ("Robinhood Financial") (Robinhood and Robinhood Financial are, collectively, the "Defendants"), for damages and injunctive relief, and in support thereof states as follows:

**INTRODUCTION**

1. Robinhood is an unscrupulous and predatory conglomerate that professes to be a financial services company for the everyday person. In truth, Robinhood is a wolf in sheep's clothing. It is the archetypal example of an amoral corporation that places profits over people. Robinhood's corporate malfeasance is no secret. Over the course of its brief existence, Robinhood has been: (a) the subject of investigations too numerous to list, but currently by not less than five separate governmental bodies; (b) fined several times by federal regulatory agencies, including most recently a $65 million settlement with the SEC in December 2020; and (c) named as a defendant in hundreds of lawsuits, including currently over 50 class action lawsuits. No wonder. In 2020 alone, it was widely reported that Robinhood's stock trading app – which depends on trigger-finger immediacy – went down not less than **90** separate times. Robinhood is selling a garbage trading platform to the American public and laughing all the way to the bank.

2. At this point, the evidence is clear that Robinhood is selling a dangerous bill of goods to unsuspecting consumers across the nation. Robinhood CEO Vlad "the Stock Impaler" Tenev recently offered corporate crocodile tears during sworn Congressional testimony when confronted with the fact that an inexperienced 20-year-old Robinhood user committed suicide after he was wrongly told he owed over $730,000 due to some risky Robinhood trades. There was no Robinhood helpline for the user to call and several emails for help went unanswered by Robinhood until the date of his suicide. Human lives are simply collateral damage as Robinhood single-mindedly rushes toward an initial public offering, so its feckless and apathetic Millennial founders can jump ship and live out their days in luxury and hedonism. Robinhood is simply another get-rich-quick scheme for the most privileged people in America. Robinhood flagrantly displays its belief that it is exempt from the rules and laws that govern everyone else in the United States.

3. In a cynical effort to appeal to a young demographic, Robinhood has engaged celebrity endorsers such as Jay-Z, Nas, and Jared Leto to endorse its products and services. However, in an act of unmitigated gall and transparent retribution, Robinhood and its subsidiary have now used the image and likeness of Ice Cube – ***without*** his permission – to promote Robinhood's terrible products and services. Robinhood has picked on the wrong man this time.

4. Robinhood's wholly-owned subsidiary Robinhood Financial serves as a propaganda arm for Robinhood. Through its "Robinhood Snacks" website and app, Robinhood Financial advertises and promotes Robinhood's financial services and products to millions of consumers across the United States.

5. Ice Cube is one of the world's best-known artists – a rapper, actor, and entrepreneur whose life story has served as an inspiration to millions. From his days as one of the founding members of the seminal rap group N.W.A., to his platinum-record selling solo career, to his successful acting endeavors, Ice Cube's image and likeness have become a well-established brand. Ice Cube is also a noted activist for social justice and civil rights, having shepherded and promoted A Contract with Black America in 2020 to address the systemic racism affecting Black Americans.

6. In March 2021, in the midst of Robinhood's meltdown, Defendants deliberately and shamelessly misappropriated Ice Cube's image and likeness to promote Robinhood's horrible products and services – the last things in the world to which Ice Cube would *ever* attach his image and likeness. This blatant theft of Ice Cube's image and likeness to endorse Robinhood's dangerous products and services has resulted in substantial damage to Ice Cube. In short, just as Robinhood's recent well-known conduct has resulted in Congressional investigations and numerous class action lawsuits, so too has it stolen and diminished the hard-earned image and brand of Ice Cube, one of the most prominent Black voices in America.

7. Ice Cube has spent years meticulously building the value of his image and overall brand by carefully scrutinizing the products and services he is asked to endorse. This highly selective process has established Ice Cube's name and image as a respected brand in multiple categories, ranging from music to sports. Robinhood is the antithesis of everything that Ice Cube stands for. It represents corporate greed on a massive scale. In Ice Cube's view, Robinhood is a textbook example of a greedy corporation taking advantage of its unwitting consumers. Despite Ice Cube's written demand that Defendants cease

and desist from their continued commercial use of his image and likeness, they shockingly failed and refused to do so. Knowing that Ice Cube was offended and wished his image and likeness to be removed should have been enough for Robinhood to do the right thing. But Robinhood just doesn't care about people – whether they are famous or not. Robinhood and its puppet Robinhood Financial act with impunity out of malice and greed, under the mistaken belief that they are above the law. Given their intransigence, Ice Cube now brings this action to set the record straight: Robinhood is a scam that Ice Cube wants nothing to do with.

## JURISDICTION AND VENUE

8. This is an action arising under the Lanham Act, 15 U.S.C. § 1121, California Civil Code § 3344.1, and California common law.

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has supplemental jurisdiction over the California Civil Code and common law claims pursuant to 28 U.S.C. § 1367(a).

11. Defendants are subject to personal jurisdiction in California.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this district, Defendants' principal place of business is in this district, Defendants engaged in their wrongful acts and infringement on Plaintiff's rights in this district, and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

13. Plaintiff Ice Cube is, and at relevant times was, a citizen of a California, residing in the City of Los Angeles, Los Angeles County, California.

14. Plaintiff alleges, on information and belief, that Defendant Robinhood is a Delaware corporation and is headquartered in this district, in the City of Menlo Park, San Mateo County, California.

15. Plaintiff alleges, on information and belief, that Defendant Robinhood Financial is a Delaware limited liability company and is headquartered in this district, in the City of Menlo Park, San Mateo County, California.

16. Plaintiff alleges, on information and belief, that Defendant Robinhood Financial is a wholly owned subsidiary of Robinhood.

## GENERAL ALLEGATIONS

17. Ice Cube is a world-renowned artist. Ice Cube first achieved recognition and commercial success as one of the founding members of the pioneering rap group N.W.A. in 1987. In 1990, Ice Cube embarked on a successful solo recording career. Among Ice Cube's many chart-topping albums, his 1992 album *The Predator* featured his certified-platinum single "Check Yo Self."

18. "Check Yo Self" has become one of Ice Cube's signature recordings and is an indelible part of his image and likeness. Indeed, the lyric and phrase "Check Yo Self" has become nothing less than Ice Cube's catchphrase. If Ice Cube uses his signature catchphrase, "Check Yo Self," the public has come to understand that he "means business" and is serious.

19. In addition to his successful music career, Ice Cube has also regularly worked as an actor in motion pictures, beginning with 1991's highly regarded *Boyz n the Hood*.

20. Ice Cube has also leveraged his image and likeness in successful entrepreneurial endeavors. For instance, in 2017, Ice Cube co-founded Big3, a 3-on-3 basketball league that went on to achieve great success.

21. Most importantly, Ice Cube has devoted his life to the cause of social justice and civil rights, standing up for the disenfranchised in American society. In 2020, Ice Cube's social activism culminated in the publishing of A Contract with Black America, a covenant to right the centuries of wrongs that have been inflicted on Black Americans.

22. The image of Ice Cube is famous and valuable.

23. The likeness of Ice Cube is famous and valuable.

24. "Ice Cube" is further a registered trademark with the United States Patent and Trademark Office, bearing the Registration Number 3717252. This registered trademark underscores the fame and value attributable to Ice Cube's brand and persona.

25. Ice Cube's business partner, Jeff Kwatinetz, is a civil rights attorney who recently filed a class action lawsuit against Robinhood, and has publicly voiced his disapproval of Robinhood and its business practices on several media outlets. It is public knowledge that Mr. Kwatinetz is associated with

1 | Ice Cube, as they partnered in developing the highly successful Big3 basketball league.

2 |   26. On March 8, 2021, Defendants impermissibly used Ice Cube's image and likeness in connection with an advertisement (the "Advertisement") for Robinhood's financial services and products on the "Robinhood Snacks" website and app.  The Advertisement uses Ice Cube's image and likeness, including his signature catch phrase, in order to create the false impression that Ice Cube actually endorses Robinhood, its products, and its services.  A true and correct copy of the Advertisement is attached hereto as <u>Exhibit 1</u>.

  27. The Advertisement creates the false impression that Ice Cube supports and endorses Robinhood's products and services.  This is especially true as the Advertisement (mis)quotes the most well-known lyric from Ice Cube's hit single, "Check Yo Self."  In truth, Ice Cube absolutely does not, and never would, support Robinhood's products and services.

  28. The fact that the Advertisement suggests that Ice Cube endorses Robinhood and its services and products is supported by the fact the Robinhood has a demonstrable pattern and practice of using established celebrities, such as Nas and Jay-Z, to endorse its products and services. Robinhood brazenly relied on its well-publicized association with such prominent rappers when it unlawfully used Ice Cube's image and likeness to create the false impression that Ice Cube supports and endorses Robinhood's products and services.

  29. Moreover, on information and belief, Robinhood and Robinhood Financial specifically sought to punish and make an example out of Ice Cube due to the fact that his business partner, Jeff Kwatinetz, had sued Robinhood and publicly held the company to account.  Although Ice Cube has no involvement in that lawsuit, Defendants' resulting actions speak volumes about their petty, vindictive, and malicious nature.

  30. At no time prior has Ice Cube authorized Defendants to use his image or likeness for commercial purposes of any sort, let alone the Advertisement.

  31. On March 10, 2021, Ice Cube notified Defendants in writing that the use of his image and likeness in the Advertisement was not authorized.  Ice Cube demanded that Defendants immediately cease and desist from any further unauthorized uses of his image and likeness.

  32. Despite this notice, Defendants have continued to exploit Ice Cube's image and likeness

without permission from Ice Cube and without compensating Ice Cube, causing significant damage to Ice Cube and adversely affecting the value of Ice Cube's image and likeness.

## FIRST CLAIM FOR RELIEF

### (For Violation of Lanham Act Under 15 U.S.C. § 1125(a))

33. Plaintiff incorporates by reference all preceding paragraphs of this Complaint at if set forth in full in this claim.

34. Ice Cube's image and likeness has secondary meaning, as that term is understood in trademark law. As described above, Defendants have falsely used Ice Cube's likeness in the Advertisement, creating the false impression that Ice Cube endorses Robinhood and its products and services. Members of the public have come to recognize Ice Cube's image and likeness as belonging to him. This was done to promote and attract customers to Defendants' website , products, and services, and to thereby generate revenue for Defendants. Thus, this was done in furtherance of Defendants' commercial benefit. Ice Cube is in the business of commercializing his identity and selling his image, likeness and identity to reputable brands and companies for profit. By virtue of Ice Cube's use of his image, likeness, and identity to build his brand, his image and likeness have acquired a distinctiveness through secondary meaning. Ice Cube's image and likeness either suggests the basic nature of his product or service, identifies the characteristics of his product or service, or suggests the characteristics of his product or service that requires an effort of the imagination by the consumer in order to be understood as descriptive.

35. The goodwill and reputation associated with Ice Cube's image and likeness has continuously grown throughout the general public. Ice Cube's image and likeness are now known throughout the United States, the State of California, and the world, as a source of origin for his services and endorsements.

36. Defendants use of Ice Cube's image and likeness is designed to create and does create the false and deceptive commercial impression that Defendants and their products are associated with and/or endorsed by Ice Cube. The use by Defendants of Ice Cube's image and likeness is likely to cause confusion, mistake, or deception of consumers as to Ice Cube's endorsement of goods and services.

37. The image and likeness of Ice Cube are famous and valuable.

38. The image and likeness of Ice Cube are the sole property of Ice Cube.

39. Consumers are likely to be attracted to Defendants' products and services through the Advertisement, creating an initial interest in the products and services upon seeing them and creating a lasting appreciation, believing them to endorsed by or otherwise associated with Ice Cube, thereby resulting in consumer confusion. Defendants' conduct will damage Ice Cube's ability to enjoy, maintain, and exploit his hard-won recognition - and indeed, threatens to disrupt his contractual relationships with current and pending third-party endorsements.

40. By Defendants' conduct alleged here, Defendants have wrongfully appropriated for themselves the business and goodwill value that properly belongs to Ice Cube and that Ice Cube has invested time, money, and energy in developing.

41. By reason of Defendants' acts of unfair competition as alleged herein, Ice Cube has suffered and will continue to suffer substantial monetary damage to his business in the form of diversion of trade, loss of profits, and a dilution in the value of his rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

42. By virtue of Defendants' acts hereinafter described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent acts in violation of, *inter alia*, 15 U.S.C. § 1125(a).

43. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Ice Cube (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Ice Cube, and to the goodwill associated with Ice Cube's valuable and well-known image and likeness; and Ice Cube's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

44. Ice Cube has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to engage in the wrongful conduct herein described.

## SECOND CLAIM FOR RELIEF

### (For Violation of California Civil Code § 3344 (a))

45. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if set

forth in full in this claim.

46. California Civil Code § 3344(a) provides:

"Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."

47. Defendants' conduct alleged above, constitutes a violation of Section 3344 of the California Civil Code, because Defendants knowingly used Ice Cube's image and likeness for commercial purposes without authorization.

48. Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services by Defendants, such that prior consent was required.

49. As a direct and proximate result of Defendants' wrongful acts, Ice Cube has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this court.

50. Ice Cube is informed and believes and based thereon alleges that Defendants in committing the above described actions, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Ice Cube, and with willful and deliberate disregard

1  for the consequences to Ice Cube.  Moreover, Ice Cube is informed and believes that Defendants'
2  officers, directors, and/or managers authorized and ratified the foregoing wrongful acts.  By reason
3  thereof, Ice Cube is entitled to recover punitive and exemplary damages from Defendants in an amount
4  to be determined at the time of trial.

5       51.    Ice Cube also seeks a preliminary and permanent injunction to prohibit Defendants from
6  any further use of his image and likeness for Defendants' advantage.

### THIRD CLAIM FOR RELIEF

**(For Misappropriation of Likeness under California Common Law)**

9       52.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if set
10 forth in full in this claim.

11      53.    Defendants' conduct alleged above, constitutes a violation of Ice Cube's common law
12 rights of publicity, because Defendants knowingly used Ice Cube's image and likeness for their
13 advantage and without his authorization.

14      54.    As a direct and proximate result of Defendants' wrongful acts, Ice Cube has been
15 damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum
16 of this court.

17      55.    Ice Cube is informed and believes and based thereon alleges that Defendants in
18 committing the above described actions, acted willfully, maliciously, and oppressively, and with full
19 knowledge of the adverse effects of their actions on Ice Cube, and with willful and deliberate disregard
20 for the consequences to Ice Cube. Moreover, Ice Cube is informed and believes that Defendants'
21 officers, directors, and/or managers authorized and ratified the foregoing wrongful acts.  By reason
22 thereof, Ice Cube is entitled to recover punitive and exemplary damages from Defendants in an amount
23 to be determined at the time of trial.

### FOURTH CLAIM FOR RELIEF

**(For Unfair Competition under California Business and Professions Code §§ 17200)**

26      56.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if set
27 forth in full in this claim.

28      57.    The aforementioned acts and practices of Defendants as set forth above constitute unfair,

unlawful, wrongful and fraudulent business practices in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, et seq.

58. As a direct and proximate result of Defendants' unfair business practices, as set forth herein, Ice Cube has lost money or property as a result of Defendants' multiple violations of the UCL, and has suffered, and will continue to suffer injury in an amount to be proven at trial.

59. Ice Cube seeks restitution of all amounts wrongfully obtained by Defendants as a result of the aforementioned conduct.

60. Ice Cube is informed and believes that Defendants have engaged, and are continuing to engage, in unfair competition as prohibited by California Business and Professions Code §§ 17200, et seq., including without limitation engaging in the aforementioned acts and practices which are patently unfair, fraudulent, unlawful, substantially injurious to the general public, and offensive to public policy.

61. As a direct and proximate result of Defendants actions, Ice Cube is entitled to injunctive relief against Defendants and all those in concert with them to enjoin the aforementioned conduct, and for restitution according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants that:

a. Defendants be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 15 U.S.C. § 1125, California Civil Code § 3344.1, and California common law;

b. Defendants be ordered to pay Plaintiff's actual, consequential, incidental, and special damages, as well as the Defendants' profits attributable to the violations alleged;

c. Defendants be ordered to pay Plaintiff's attorneys' fees and costs to the extent available under the statutes sued hereunder;

d. Plaintiff be awarded punitive damages; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

/ / /

/ / /

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues triable thereby.

DATED: March 31, 2021

By: /s/M. Taitelman
Michael A. Taitelman
Sean M. Hardy
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Fax: (310) 201-0045
mtaitelman@ftllp.com
smhardy@ftllp.com
Attorneys for Plaintiff O'Shea Jackson, Sr. (p/k/a "Ice Cube")