UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| O'SHEA JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBINHOOD MARKETS, INC. et al.,<br><br>        Defendants. | Case No. 21-cv-02304-LB<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT**<br><br>Re: ECF Nos. 11 & 12 |

**INTRODUCTION**

The plaintiff O'Shea Jackson, known professionally as Ice Cube, sued Robinhood, a financial-services company, after Robinhood used his image and a paraphrase of a line from his song "Check Yo Self" to illustrate an online article that it published about a market correction for tech stocks. The line is "Check yo self before you wreck yo self," which Robinhood paraphrased as "Correct yourself before you wreck yourself." "Check yo self" is Ice Cube's "catchphrase." He claims that by using his image and catchphrase, Robinhood (1) created the false and deceptive commercial impression that Ice Cube is associated with or endorses Robinhood's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (2) misappropriated his likeness without his consent, in violation of Cal. Civ. Code § 3344(a) and California common law, and (3) engaged in unfair competition, in violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. The court dismisses

the complaint for lack of standing because the plaintiff did not plausibly plead that Robinhood's use of his identity suggested his endorsement of Robinhood's products.

## STATEMENT

Ice Cube is a well-known rapper, actor, entrepreneur, and social activist. His 1992 album *The Predator* had a certified-platinum single "Check Yo Self," which featured the line "check yo self before you wreck yo self." The phrase "Check Yo Self" is his "signature catchphrase."[1]

Robinhood is a financial-services company that allows commission-free trades of stocks and exchange-traded funds on a mobile app. It also operates a website called "Robinhood Snacks" that publishes short newsletters on financial issues. On March 8, 2021, its newsletter (titled "Why are tech stocks falling?") had three articles. The first was titled "Tech stocks move toward 'correction' territory: we break it down." The article discussed stock market highs (led by tech stocks), the market correction, and possible explanations: an overvalued tech sector, rising interest rates, inflation, a concern that the Fed will raise interest rates, the vaccine rollout, and economic recovery. It concluded that corrections are normal.[2]

The newsletter has a breezy, colloquial tone. For example, the article on the market correction begins with this: "**Do you remember?. . .** the 21st of December (cue: Earth, Wind, and Fire jam)." It ends with the observation that "[m]arkets were frothy at their peak — a correction is kind of like a barista skimming off foam." It has varied content that includes the three articles (the other two are "Who's up" and ". . . and who's down"), links to other content (with categories titled Check, Learn, Sweat, Act, Do, Achieve), a description of the Snacks Daily Podcast, the Snack Fact of the Day, and a description of the week ahead.[3]

---

[1] Compl. – ECF No. 1 at 5 (¶¶ 17–21). The court considers the line from the song under the incorporation-by-reference doctrine. *Knievel v. ESPN,* 393 F.3d 1068, 1076–77 (9th Cir. 2005). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Robinhood Snacks Newsletter, Ex. A to Compl. – ECF No. 1-1 at 1–3.

[3] *Id.* at 1–8.

1   At the top of the newsletter — right after the title "Why are tech stocks falling?" and right
2   before the market-correction article — was this image from Ice Cube's movie *Are We Done Yet?*[4]



*Correct yourself, before you wreck yourself*

17   The newsletter (characterized in the complaint as an advertisement) "creates the false impression
18   that Ice Cube supports and endorses Robinhood's products and services."[5] This "is supported by the
19   fact that "Robinhood has a demonstrable pattern and practice of using established celebrities, such as
20   Nas and Jay-Z, to endorse its products and services."[6] Ice Cube did not authorize the use of his image
21   or catchphrase and sent a cease-and-desist letter to Robinhood. Robinhood continues to use the
22   likeness without permission, and the plaintiff has suffered financial and reputational harm.[7]

---

[4] DVD for *Are We Done Yet?*, Ex. A to Req. Judicial Notice – ECF No. 13 at 1–2. The court judicially notices facts that the parties do not dispute, such as the movie. Fed. R. Evid. 201(b); *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

[5] Compl. – ECF No. 1 at 6 (¶ 27).

[6] *Id*. at 6 (¶ 28).

[7] *Id*. at 6–7 (¶¶ 31–32).

ORDER – No. 21-cv-02304-LB                3

The plaintiff claims that by using his image and catchphrase, Robinhood (1) created the false and deceptive commercial impression that Ice Cube is associated with or endorses Robinhood's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (2) misappropriated his likeness without his consent, in violation of Cal. Civ. Code § 3344(a) and California common law, and (3) engaged in unfair competition, in violation of the UCL.[8]

Robinhood moved to dismiss the complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1). It moved to dismiss all claims under Rule 12(b)(6) for the following reasons: (1) the article was a noncommercial report of news, and the claims protect only commercial interests; (2) the First Amendment bars the claims, again because the article was newsworthy; (3) the Lanham Act claim fails because Robinhood's use of the likeness and catchphrase was creative; (4) federal copyright law preempts the state claims; (5) the Lanham Act claim fails because only the copyright owners of the film have rights in the images; (6) it is immune under section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1), because it is an interactive-computer-service provider that did not create the image; and (7) the phrase "check yo self" is not a distinctive part of Ice Cube's identity and thus is not actionable under the Lanham Act. Robinhood also moved to strike the state-law claims under California's Anti-SLAPP statute, Cal. Civ. Proc. § 425.16, on the ground that the content in the newsletter is protected free speech on a matter of public interest.[9] The court held a hearing on the motions on June 10, 2021.

The court has federal-question subject-matter jurisdiction over the Lanham Act claim under 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a). All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[10]

---

[8] *Id*. at 7–11 (¶¶ 33–61).

[9] Mot. to Dismiss – ECF No. 12; Mot. to Strike – ECF No. 11.

[10] Consents – ECF Nos. 8 & 15.

ORDER – No. 21-cv-02304-LB                4

**STANDARD OF REVIEW**

A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack. The court thus "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citation omitted).

Robinhood contends that the plaintiff lacks standing. Standing pertains to the court's subject-matter jurisdiction and thus is properly raised in a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010).

Dismissal of a complaint without leave to amend should be granted only if the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**ANALYSIS**

The court dismisses the complaint for lack of standing because the plaintiff did not plausibly plead that Robinhood's use of his identity suggested his endorsement of Robinhood's products.

"The 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating

each element." *Id*. (cleaned up). "[S]tanding in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013).

Robinhood contends that the plaintiff has not established injury in fact.[11] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 504 U.S. at 560 n.1). For an injury to be concrete, it "must be 'de facto'; that is, it must actually exist. . . . [and be] 'real,' and not 'abstract.'" *Id*. (citing dictionaries). "'Concrete' is not . . . necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, . . . intangible injuries can nevertheless be concrete." *Id*. at 1549 (cleaned up).

Citing *Waits v. Frito-Lay* and other cases, the plaintiff contends that the use of his distinctive identity implies his endorsement of Robinhood's product, which is injury in fact.[12] *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1110 (9th Cir. 1992) ("a celebrity whose endorsement of a product is implied through the imitation of a distinctive attribute of the celebrity's identity [here, a singer's distinctive voice in a Doritos radio commercial], has standing to sue for false endorsement under section 43(a) of the Lanham Act"). Robinhood counters that the plaintiff has not plausibly pleaded his celebrity status, did not plead that Robinhood's conduct misled consumers into thinking that Ice Cube endorsed its product, and did not plead that he was deprived of compensation.[13] The plaintiff plausibly alleged his celebrity status and economic injury. But he did not plausibly allege that the use of his identity was endorsement, which means that he does not have standing.

First, Robinhood contends (citing *Spokeo*) that the plaintiff did not plausibly allege his celebrity status because he relies on old pursuits (music in the 1980s and movies in the 1990s) or those that are not famous (the three-on-three basketball tournament). It concludes — without saying more —

---

[11] Mot. – ECF No. 12 at 11–14.

[12] Opp'n – ECF No. 22 at 12–13 (collecting cases); Compl. – ECF No. 1 at 8 (¶¶ 39–41).

[13] Mot. – ECF No. 12 at 11–14; Reply – ECF No. 25 at 6–9.

ORDER – No. 21-cv-02304-LB                                6

that the plaintiff has not alleged sufficient facts to establish an economic interest in his celebrity status.[14] But why would Robinhood use the image and a paraphrase of the catchphrase if it did not capitalize on Ice Cube's celebrity status? Many cases establish that misappropriation of a likeness to suggest endorsement of a product establishes Article III standing. *See*, *e.g.*, *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 791–92, 797–99 (N.D. Cal. 2011) (Facebook marketed products by suggesting that Facebook users who "liked" a product were endorsing it). This is particularly true for celebrities, who have a commercial interest in their identities that third parties cannot exploit without authorization. *See*, *e.g.*, *Waits*, 978 F.2d at 1110; *White v. Samsung Elec. Am., Inc.*, 971 F.2d 1395, 1398–99 (9th Cir. 1992) (the depiction of a robot Vanna White in a Samsung ad for its VCRs); *Hush Hush Sound, Inc. v. H & M Hennes & Mauritz LP,* No. 2:17-CV-07668-RGK-SS, 2018 WL 4962086, at *1, 6 (C.D. Cal. Jan. 26, 2018) (clothing retailer's use of a musical group's name to sell clothing established injury in fact).

Also, the plaintiff alleged his celebrity status, and his commercialization of it, robustly.[15] That allows his recovery if he otherwise pleads viable claims for the unauthorized use of his identity. *Clark v. Am. Online Inc.,* No. CV-98-5650 CAS (CWX), 2000 WL 33535712, at *1, 8 (C.D. Cal. Nov. 30, 2000) (AOL's use of the celebrity Dick Clark's mark in its ads allowed his recovery for the fair market value of the right to use his name).

Second, the plaintiff predicates Robinhood's liability for all claims on the ground that Robinhood's use of his identity suggested his endorsement of Robinhood's products.[16] Robinhood used Ice Cube's picture and paraphrase of a line from his song to illustrate an article about market corrections. That illustration does not suggest that the plaintiff endorsed Robinhood (even if Robinhood uses celebrity endorsements (including Nas and Jay-Z) to promote its actual products, as the plaintiff alleges).[17] The plaintiff characterizes the newsletter as an advertisement, not a

---

[14] Reply – ECF No. 25 at 6–7.

[15] *See*, *e.g.*, Compl. – ECF No. 1 at 3–4 (¶¶ 5, 7), 5–6 (¶¶17–25), 5–8 (¶¶ 24–40). Even if Ice Cube were not a celebrity, which he is, he plausibly pleaded that he is.

[16] Opp'n – ECF No. 22 at 12; *see*, *e.g.*, Compl. – ECF No. 1 at 3 (¶ 6).

[17] Opp'n – ECF No. 22 at 10–11; Compl. – ECF No. 1 at 6 (¶ 28).

1  newsletter. But he attaches the newsletter, which is demonstrably not an advertisement.[18] No case

2  establishes Article III standing under similar circumstances. To the contrary, the cases (cited

3  above) all involve explicit endorsements. Similarly, and as Robinhood contends, the plaintiff does

4  not have statutory standing under the Lanham Act because he did not allege how Robinhood's use

5  of his identity created the misapprehension that the plaintiff sponsored, endorsed, or is affiliated

6  with Robinhood. *Chaquico v. Friedberg*, 274 F. Supp. 3d 942, 952 (N.D. Cal. 2017).[19]

## CONCLUSION

The court dismisses the complaint for lack of standing and denies the motion to strike as moot. The plaintiff must file any amended complaint within 21 days and attach a blackline of the changes.

This disposes of ECF Nos. 11 and 12.

**IT IS SO ORDERED.**

Dated: June 15, 2021.

LAUREL BEELER
United States Magistrate Judge

---

[18] Opp'n – ECF No. 22 at 10; Compl. – ECF No. 1 at 6 (¶ 26); Robinhood Snacks Newsletter, Ex. A to Compl. – ECF No. 1-1 at 1–6.

[19] Mot. – ECF No. 12 at 12–13 (citing *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2013), and *Chaquico*, 271 F. Supp. 3d at 952); Reply – ECF No. 25 at 7 (citing *Chaquico*, 271 F. Supp. 3d at 952). Although Robinhood cited *Lexmark* in its opening brief, it argues lack of standing under the Lanham Act only on the ground that — like the plaintiff in *Chaquico* — the plaintiff did not allege that use of his identity created a misapprehension of sponsorship, endorsement, or affiliation. This order thus does not reach the plaintiff's argument that *Lexmark* applies only to § 1125(a)(1)(B) false-advertising claims, not § 1125(a)(1)(A) false-association claims. Opp'n – ECF No. 22 at 13 (collecting cases); *cf. LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-CV-07274-MMC, 2019 WL 2088416, at *4 (N.D. Cal. May 13, 2019) (assumed but did not decide whether *Lexmark* applied to a § 1125(a)(1)(A) claim).